UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM G. ABELL, JR.                                                               PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:11CV-522-H

DEPARTMENT OF VETERANS AFFAIRS *et al.*                DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on initial review of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff William G. Abell, Jr., filed a complaint on a general complaint form. As Plaintiffs in the caption, he lists himself and "Disabled American Veterans 21-22," and as Plaintiffs in the parties section of the form, he additionally lists the "Disabled American Veterans National Services Offices." As Defendants in the caption, he lists the Department of Veterans Affairs and the "Disabled American Veterans 21-22," and as Defendants in the parties section of the form, he additionally lists the DAV and the "US Court of Appeals Clerk of Court, Washington DC."

As the grounds for filing his case in federal court, Plaintiff states:

> Improper or false instruction of STATEMENTS. Medical/Cliams, 3 to 4 years Appeals could take as long. Washington DC. Expidite of Cliam of penstion Attachments DD-214 Six year service contract. US Army Armed forces U.S.C. § 5701 federal code of regulations. 38 Code Regs. VA f 21-4138 DAV all years.

In the statement-of-claim portion of the complaint form, Plaintiff alleges:

> Telecummications of Record. Improper Instruction false DAV. Tony Craig. Coordnator State of Indiania Miss Bullard. All Statements Attachments 21-4138 Do not sign anything Statement Corrdnator. Indiania. Miss Green can't administrate one condition denied. All Conditions or Appeals. not one. Letter of Compliant Mr. Eric Sinserki Secretary. Improper Medical procedure. mycardio. Dr. Wagner. Medical Concern. pcc Tilson Clinic. Spine disease. Lump is Lower Spine. All Medical Records. Diagnois, Statement of Case. Veterans case law. Did not allow contrast. Spine MRI stated Lump asked if could get larger stated yes.? no MRI. Cronic pain Biops; Angioplast; MyCardio. fair decision of Appeals, Board, Dates, Cliams, Increases. Support Pention <u>Time frame very excessive.</u> VA Administration Permanent unemployment fed can't work. Righ Leg. 21-4138. Service Injury Line of Duty wittness David flores Army.

As relief, Plaintiff requests (1) "proper medical procedure Biopsi laser surgery groin catherization mycardio"; (2) "releave All Improper Instructions false Telecammunications of Record, VA DAV"; (3) "Give fair hearing award Compensation and Back pay. and pention"; and (4) "Back Date All cliams lost time award medical and cliams appeals pention medical compensation."

## II.

Upon review of a complaint under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

2

U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

**III.**

Plaintiff's complaint is not a model of clarity. Plaintiff, however, references Title 38 of the Code of Federal Regulation which is titled, "Pensions, Bonuses, and Veterans Affairs," and references "21-4138," which is a VA "Statement in Support of Claim" form used in connection with a claim for benefits. He also mentions medical conditions; a "decision of Appeals, Board"; and "Service Injury." It appears, therefore, that Plaintiff is challenging a decision(s) made by the Department of Veterans Affairs related to some type of benefits (disability/pension) claim(s).

"Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues." *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997). Particularly, in 1988, Congress enacted the Veterans Judicial Review Act of 1988 ("VJRA") (codified in various sections of 38 U.S.C.), "and established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon*, 125 F.3d at 967.

> The process begins when a claimant files for benefits with a regional office of the Department of Veterans Affairs. The regional office of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). Upon receiving a decision from the regional office, the claimant may appeal to the [Board of Veterans Appeals] BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA") [now called the Court of Appeals for Veterans Claims], an Article I court established by Congress in the VJRA, has exclusive jurisdiction over appeals from the final decisions by the BVA. 38 U.S.C. § 7252(a).[1] The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

---

[1] The 1998 Amendments to Title 38, Pub. L. 105-368, Title V, § 512(a)(1), substituted "Court of Appeals for Veterans Claims" for "Court of Veterans Appeals."

*Beamon*, 125 F.3d at 967; *Henderson ex rel. Henderson v. Shinseki*, -- U.S. --, 131 S. Ct. 1197, 1201 (2011) ("Review of Veterans Court decisions on certain issues of law is available in the United States Court of Appeals for the Federal Circuit. § 7292. Federal Circuit decisions may in turn be reviewed by [the U.S. Supreme] Court by writ of certiorari.").

For these reasons, this Court lacks subject-matter jurisdiction over Plaintiff's VA benefits claims.

To the extent Plaintiff may be asserting negligence/medical malpractice and/or misrepresentation/deceit claims against the United States under the Federal Torts Claims Act (FTCA), he has failed to show exhaustion of administrative remedies associated with that Act prior to bringing an action in federal court. Pursuant to 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

*Id.* (emphasis added). Further, the FTCA specifically disallows any claim arising out of "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

Finally, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but

cannot be represented by a nonlawyer."). Consequently, Plaintiff, an unrepresented litigant, cannot bring any claim(s) on behalf of others he may have named as Plaintiffs in the complaint.

For all of the foregoing reasons, the complaint must be dismissed. The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
     Defendants
4412.005